1 | A. Cisneros
3403 Tenth Street, Suite 711
2 | Riverside, California 92501
Telephone: (951) 682-9705
3 | Facsimile: (951) 682-9707
Email: amctrustee@mclaw.org

4

Chapter 7 Trustee

5

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | RIVERSIDE DIVISION

11 | In re                                              ) Case No. 6:08-12186 PC
                                                       )
12 | LARRY WAYNE MILLER and MICHELLE       ) Chapter 7
MILLER,                                                )
13 |                                                    ) CHAPTER 7 TRUSTEE'S MOTION FOR
          Debtors.                                     ) ORDER DIRECTING THE DEBTOR TO
14 |                                                    ) TURN OVER PROPERTY OF THE
                                                       ) ESTATE PURSUANT TO BANKRUPTCY
15 |                                                    ) CODE SECTION 542(a)
                                                       )
16 |                                                    ) HEARING DATE:
                                                       ) DATE: August 11, 2010
17 |                                                    ) TIME: 9:30 a.m.
                                                       ) CTRM: 304
18 |                                                    )       U.S. BANKRUPTCY COURT
                                                       )       3420 TWELFTH STREET
19 |                                                    )       RIVERSIDE, CA 92501

20 | TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY JUDGE;

21 | THE DEBTOR; THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER

22 | INTERESTED PARTIES:

23 |          A. CISNEROS, in his capacity as Chapter 7 Trustee

24 | ("Trustee) for the bankruptcy estate of LARRY WAYNE MILLER and

25 | MICHELLE MILLER ("Debtors"), Case No. 6:08-12186 PC, moves this

26 | Court for an order directing the Debtors to turn over property of

27 | the estate.

28 | ///

1

T:\TCMSWIN\DOCMAN\MILLER, LARRY WAYNE [6_08-12186]\Motion for Turnover.DOC

I.    INTRODUCTORY STATEMENT

Pursuant to Section 541 of the Bankruptcy Code, the Debtor is compelled to turn over property that the Trustee may use or sell for the benefit of the Debtors' bankruptcy estate.  In this case, the Trustee has requested turnover of the following:

| Asset | Scheduled Value | Exemption | Non-Exempt Portion |
|---|---|---|---|
| Checking Account | $        460.00 | $        0.00 | $        460.00 |
| Savings Account | $        125.00 | $        0.00 | $        125.00 |
| Jewelry | $        500.00 | $        0.00 | $        500.00 |
| Hobby Equipment | $        200.00 | $        0.00 | $        200.00 |
| 20 Ft. Carson Trailer | $      1,500.00 | $        0.00 | $      1,500.00 |
| 2002 Chevy Truck | $      3,000.00 | $        0.00 | $      3,000.00 |
| 2006 Winns 24 Ft. Boat (Debtors paid $5,000 towards purchase price of $6,750) |  |  | $      1,750.00 |
| Office Equipment | $        100.00 | $        0.00 | $        100.00 |
| Equipment | $      3,000.00 | $    2,075.00 | $        925.00 |
| Total Non-Exempt Portion |  |  | $      8,560.00 |

These assets shall be collectively referred to as the "Remaining Assets" of the estate.

II.    FACTUAL SUMMARY

The Debtors filed this voluntary Chapter 7 Petition on March 1, 2008.  Shortly thereafter, the Debtors moved to Colorado, taking with them assets of the estate consisting of several "toys" such as motorcycles, cars, trucks, watercraft, etc.  When the Trustee learned of the Debtors relocation of Estate assets, he employed an auctioneer in the Colorado area to secure the assets, and complete an auction sale of the items.

///

2

T:\TCMSWIN\DOCMAN\MILLER, LARRY WAYNE [6_08-12186]\Motion for Turnover.DOC

1  When the Trustee received the inventory list from his

2  auctioneer, he determined that there were Remaining Assets of the

3  Estate that were not turned over to the auctioneer and were

4  unaccounted for.

5  The Trustee forwarded correspondence to the Debtors _via_

6  their counsel of record indicating that the Trustee required

7  resolution regarding the Remaining Assets.   The Debtors failed to

8  respond thereto.

9  III.   **THE NON REMAINING ASSETS ARE PROPERTY OF THE ESTATE**

10  Bankruptcy Code Section 541 is broadly construed to

11  include all property interests, whether reachable by state-law

12  creditors or not, and whether vested or contingent.   _United States_

13  _v Rauer_, 963 F.2d 1332 (10th Cir. 1992);   _In re Yonikus_, 996 F.2d

14  866 (7th Cir. 1993) (virtually all property of debtor becomes

15  property of estate; in fact, every conceivable interest of debtor,

16  including future, non-possessory, contingent, speculative, and

17  derivative, is within the scope of Section 541).   Section

18  541(a)(1) is intended to include in the estate any property made

19  available to the estate by other provisions of the Bankruptcy

20  Code.

21  The Remaining Assets belong to the Debtors' Estate.

22  Because they are property of the Debtors' Estate, and may be used

23  by the Trustee for the benefit of the creditors, turnover of the

24  Remaining Assets is appropriate and in accordance with statutory

25  and case law authority.

26  IV.   **THE TRUSTEE IS ENTITLED TO TURNOVER OF PROPERTY OF THE ESTATE**

27  One of the Trustee's duties is to "collect and reduce to

28  money the property of the estate for which such trustee serves,

3

1 and close such estate as expeditiously as is compatible with the

2 best interests of parties in interest." *See* 11 U.S.C. § 704(a)(1).

3 In order to move this case towards closure and distributions to be

4 made to the creditors, the Trustee must receive the Remaining

5 Assets.  The Trustee is unable to fulfill his obligations to

6 administer the Estate's assets and distribute funds to creditors

7 until said property is received.  Accordingly, the motion should

8 be granted.

9 V.    THE DEBTOR IS REQUIRED TO TURN OVER ALL ASSETS OF THE

10      BANKRUPTCY ESTATE

11          Section 542 of the Bankruptcy Code provides in part:

12          "(a) Except as provided in subsection (c) or (d)
            of this section, an entity other than a
13          custodian, in possession, custody or control,
            during the case, or property that the Trustee may
14          use, sell or lease under Section 363, of this
            title... shall deliver to the Trustee, and
15          account for, such property or the value of such
            property, unless such property is of
16          inconsequential value or benefit to the estate."
            [Emphasis added.]

17

18 VI.   THE TRUSTEE BELIEVES THE COURT SHOULD ORDER THE DEBTORS TO

19       TURN OVER THE PROPERTY

20          For the reasons itemized herein, the Trustee believes

21 the Court should order the Debtors to turn over the Remaining

22 Assets, as requested by the Trustee.  The Trustee is attempting to

23 comply with his statutory duties, including, without limitation,

24 his duties under section 704 of the Bankruptcy Code.

25 ///

26 ///

27 ///

28 ///

4

1 | VII.  CONCLUSION

2 |          For the foregoing reasons, the Trustee respectfully

3 | requests that the Court grant his Motion and enter and Order

4 | Directing the Debtors to Turnover Property of the Estate Pursuant

5 | to Bankruptcy Code Section 542(a), i.e., the assets set forth

6 | hereinabove, or the collective value of same.

7 | Dated: July *16*, 2010              Respectfully Requested,

8 |

9 |                                    _____
                                      A. CISNEROS, Chapter 7 Trustee

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

5

| In re:<br>LARRY WAYNE MILLER and MICHELLE MILLER,<br><br>                                              Debtor(s). | CHAPTER 7<br><br>CASE NUMBER 6:08-12186 PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

3403 Tenth Street, Suite 711, Riverside, CA 92501

The foregoing document described as **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER DIRECTING THE DEBTOR TO TURN OVER PROPERTY OF THE ESTATE PURSUANT TO BANKRUPTCY CODE SECTION 542(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 22, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Andrew S Bisom     abisom@bisomlaw.com
Arturo Cisneros     amctrustee@mclaw.org, acisneros@ecf.epiqsystems.com
Nicolas A Daluiso     ndaluiso@robinsontait.com
Thomas S Engel     lawengmill@aol.com
Steven M Lawrence     generalmailaswlawoffice.com@alvaradoca.com
Corey M Robertus     bankruptcy@mosscodilis.com
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **July 22, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Debtors (Via U.S. Mail):** Larry Wayne Miller, PO Box 64137, Colorado Springs, CO 80962

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 22, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**Honorable Bankruptcy Court Judge (Via Personal Delivery):** The Honorable Peter H. Carroll, U.S. Bankruptcy Court, 3420 Twelfth Street, Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **July 22, 2010** | **Brittany Traufler** | |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                           **F 9013-3.1**